UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

BRYAN P. BONHAM,

                                    Petitioner,

        v.

DEBRA BORGAS,

                                    Respondent.

Case No. 3:26-cv-00461-ART-CLB

DISMISSAL ORDER

*Pro se* Petitioner Bryan P. Bonham has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 and an application for leave to proceed *in forma pauperis* ("IFP"). (ECF Nos. 1 ("IFP Application"), 1-1 ("Petition").) Based on Bonham's Financial Certificate (ECF No. 4), the Court finds good cause exists to grant the IFP Application. As such, this matter comes before the Court for initial review under the Rules Governing Section 2254 Cases ("Habeas Rules").

Under Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule requires courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases). As a general matter, duplicative litigation is subject to dismissal under 28 U.S.C § 1915. *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (affirming that duplicative litigation is "an independent ground for dismissal"); *Hernandez v. Denton*, 861 F.2d 1421, 1426 (9th Cir. 1988). In determining whether a later-filed action is duplicative, the court examines "whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." *Adams v. California*, 487 F.3d

1

684, 689 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880 (2008). Dismissal of a duplicative lawsuit "promotes judicial economy and the comprehensive disposition of litigation." *Adams*, 487 F.3d at 692–93.

In this matter, on July 18, 2026, Bonham filed his Petition, challenging his convictions for first-degree kidnapping and attempted sexual assault. (ECF No. 1-1 at 2.) Notably, the day prior, July 17, 2026, Bonham filed a petition in case number 3:26-cv-00455-ART-CLB, challenging these same convictions. Because the Petition in this case challenges the same judgment of conviction as the earlier-filed petition in case number 3:26-cv-00455-ART-CLB, the Petition in this case is duplicative and serves no legitimate purpose. Any claims Bonham wishes to pursue regarding his judgment of conviction for first-degree kidnapping and attempted sexual assault must be asserted, if at all, via the petition in case number 3:26-cv-00455-ART-CLB. The Court thus dismisses the instant Petition without prejudice as duplicative.

It is therefore ordered that the IFP Application (ECF No. 1) is granted.

It is further ordered that the Petition (ECF No. 1-1) is dismissed without prejudice as duplicative. A certificate of appealability is denied, as jurists of reason would not find dismissal of the Petition to be debatable or wrong.

It is further kindly ordered that the Clerk of the Court (1) add Nevada Attorney General Aaron D. Ford as counsel for Respondent, (2) provide Respondent's counsel copies of this Order and all other filings in this matter,[1] (3) enter final judgment, and (4) close this case.

DATED THIS 26th day of June 2026.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

---

[1] No response is required from Respondents other than to respond to any orders of a reviewing court.

2